IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DENISE J. MORRISON                                                    PLAINTIFF

vs.                                   Civil No. 6:14-cv-06028

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Denise J. Morrison ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Disability Insurance Benefits ("DIB") and period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

This case was previously remanded by this Court.  *See Morrison v. Astrue,* 6:10-cv-06021-

BAB, ECF Nos. 9-10 (W.D. Ark. July 7, 2011).  Plaintiff's case was remanded to give the ALJ the

opportunity to comply with the requirements of *Polaski*.  The background of Plaintiff's case is fully

outlined in that Memorandum Opinion and Judgment.  As stated in the Memorandum Opinion,

Plaintiff alleges being disabled due to "muscle disease," "metabolic myopathy," hypertension, and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The
transcript pages for this case are referenced by the designation "Tr."

1

osteoarthritis.  (Tr. 116).  Plaintiff alleges an onset date of October 30, 2006.  (Tr. 8).

After this remand, a second administrative was held in Hot Springs, Arkansas.  (Tr. 378-394).  This hearing was held on March 1, 2012.  *Id.*  Plaintiff was present at this hearing and was represented by Charles Padgham.  *Id.*  Only Plaintiff testified at this hearing.  *Id.*

On April 26, 2012, the ALJ again entered an unfavorable decision.  (Tr. 357-372).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 362, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 30, 2006, her alleged onset date.  (Tr. 363, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: metabolic myopathy, fibromyalgia, elevated creatine phosphokinase, and essential hypertension.  (Tr. 363-365, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 366, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 366-371, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c).  The claimant does not have a severe mental impairment.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found she was capable of

performing her PRW as an aircraft scriber (semiskilled, light) and veterinary technician (skilled, medium). (Tr. 372, Finding 6). The ALJ based this determination upon VE's testimony related to Plaintiff's PRW and the ALJ's assessment of Plaintiff's RFC. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from October 30, 2006 through the date of his decision or through April 26, 2012. (Tr. 372, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 356). The Appeals Council declined to assume jurisdiction of Plaintiff's case. (Tr. 351-355). On March 6, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 25, 2014. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

## 2.    <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

4

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8. Specifically, Plaintiff claims: (A) the ALJ erred in evaluating the credibility of her subjective complaints; and (B) the ALJ erred when he found she retains the capacity to perform her PRW. *Id.* In response to these claims, Defendant argues substantial evidence supports the ALJ's RFC finding and the ALJ properly considered Plaintiff's subjective complaints. ECF No. 9. The Court will consider both of Plaintiff's arguments for reversal.

A.     **Subjective Complaints**

Plaintiff claims the ALJ erred in assessing her credibility. ECF No. 8. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 *require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*.  (Tr. 366-370).  Notably, the ALJ made the following findings in his credibility determination: (1) Plaintiff's activities of daily living "appear normal based on the Function Reports"; (2) Plaintiff's "medical evidence showed she managed her impairments with the proper treatment"; (3) Plaintiff worked at a veterinary clinic, voluntarily quit, and then applied for unemployment benefits "in which she would certified [certify] that she was ready, willing and able to work"; and (4) Plaintiff "did not indicate in the objective

6

medical evidence that her symptoms were of the same severity that she testified to at the hearing." (Tr. 369-370).  Based upon these findings, because the ALJ supplied "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue.  *See Turpin v. Colvin,* 750 F.3d 989, 993 (8th Cir. 2014) (recognizing a court defers to the ALJ's evaluation of the claimant's credibility as long as it is supported by good reasons and substantial evidence) (internal citation omitted).

As a final point on this issue, Plaintiff claims her subjective complaints are entitled to greater weight because they are supported by the findings of her "treating physicians."  ECF No. 8 at 3. Plaintiff does not state specifically what those findings are or which "treating physicians" made those findings.  *Id.*  Upon review of the record, it appears Plaintiff is referring to the findings of Dr. Randy Hill, M.D.  (Tr. 240-249).  On April 14, 2008, Dr. Hill provided a one-line "To Whom It May Concern" statement wherein he opined that "Due to Ms. Morrison's illness, she is unable to work." (Tr. 336).  In his decision, the ALJ considered this opinion but discounted it, finding it was "conclusory" and "provides very little explanation of the evidence." (Tr. 370).  Plaintiff has offered no demonstration that the ALJ improperly evaluated Dr. Hill's findings.  ECF No. 8.  Thus, the Court finds no basis for reversal on this issue.

### B.      PRW Determination

Plaintiff claims the ALJ provided "no basis" for his finding that Plaintiff retains the capacity to perform her PRW.  ECF No. 8 at 6-8.  Specifically, Plaintiff claims the ALJ erred because he supplied "no hypothetical questions" to the VE.  *Id.*  As such, Plaintiff claims the ALJ's Step Four determination is not supported by substantial evidence in the record.  *Id.*

However, at Step Four of the Analysis, the ALJ is *not required* to supply any hypothetical

questions to the V.E. in deciding whether the claimant can return to his or her PRW.  *See Banks v. Massanari,* 258 F.3d 820, 828 (8th Cir. 2001) (recognizing an ALJ is not required to "utilize the services of a VE" when deciding whether the claimant can return to his or her PRW).  Instead, the ALJ may independently compare the claimant's RFC with the claimant's PRW in deciding whether the claimant can return to his or her PRW.  *See id.*  In this case, this is exactly what was done.  Thus, the Court finds no basis for reversal on this issue.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE